FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 25, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JACK R. WHEELER,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:16-CV-00171-JTR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 16, 17. Attorney Lora Lee Stover represents Jack R. Wheeler (Plaintiff); Special Assistant United States Attorney Jeffrey E. Staples represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income (SSI) on June 8, 2012, Tr. 267, alleging disability since July 1, 1991, Tr. 223-229, due to an L1 compression fracture, depression, three crushed discs in his back, carpal tunnel

in his right wrist, a broken right toe, a torn meniscus in the right knee, a broken ankle, pins in his wrist, anxiety, a broken leg, and a broken shoulder that did not heal properly. Tr. 271. The application was denied initially and upon reconsideration. Tr. 147-150, 154-156. Administrative Law Judge (ALJ) Donna L. Walker held a hearing on October 2, 2014 and took testimony from Plaintiff, vocational expert, Daniel McKinney, and medical expert, Anthony Francis, M.D. Tr. 57-87. At the hearing, Plaintiff amended his alleged date of onset to the date of application, June 8, 2012. Tr. 59. The ALJ issued an unfavorable decision on November 3, 2014. Tr. 31-43. The Appeals Council denied review on March 29, 2016. Tr. 1-7. The ALJ's November 3, 2014 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on May 25, 2016. ECF No. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 44 years old at the date of application. Tr. 223. Plaintiff received his GED in 1986 and attended some community college ending in 2005. Tr. 272. He reported his work history as a greenhouse worker, laborer, and landscape foreman. *Id*. Plaintiff reported that he stopped working on July 1, 2005 due to his conditions. Tr. 271.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is

not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. § 416.920(a)(4). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. § 416.920(a)(4)(v).

**ADMINISTRATIVE DECISION**

On November 3, 2014, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 8, 2012, the date of application. Tr. 33.

At step two, the ALJ determined Plaintiff had the following severe impairments: L1 compression fracture; right carpal tunnel syndrome; right toe fracture; right ankle fracture; leg fracture; shoulder fracture; depression; and anxiety. Tr. 33.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 34.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined he could perform a range of light to medium work as set forth below:

> the claimant can lift and/or carry up to 20 pounds occasionally (1/3 of the workday) and 10 pounds frequently (2/3 of the workday). He has unlimited ability to use bilateral upper extremities for pushing, pulling and reaching in all directions, including overhead, with the exception for 1ight hand gross and fine finger manipulation that is limited to frequently. He can sit, stand and walk up to 6 hours each; he can frequently stoop and climb ramps, stairs, stoop; occasionally climb ladders, ropes, scaffolds, kneel, crouch, or crawl and unlimited ability to balance. He has unlimited visual and communicative abilities and unlimited environmental abilities, except that he should avoid concentrated exposure to vibration, and hazards, such as unprotected heights. He can carry out short, simple instructions as well as some detailed instructions; he can sustain an ordinary routine without special supervision; accept instructions and respond appropriately to criticism from supervisors. He can work in coordination with or in proximity to co-workers without being distracted by them; maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness, but he works best with no more than superficial contact with co-workers and the general public.

Tr. 36. The ALJ found Plaintiff had no past relevant work as defined by the regulations. Tr. 41.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience, residual functional capacity, and the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of checker II, automatic packer-operator, and inspector packer. Tr. 42. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date of application, June 8, 2012, through the date of the ALJ's decision, November 3, 2014. Tr. 42.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends that the ALJ erred by (1) failing to properly assess Plaintiff's symptom statements; (2) failing to properly assess Plaintiff's residual functional capacity, and (3) finding Plaintiff capable of substantial gainful activity at step five. ECF No. 16 at 9-10.

**DISCUSSION**

**A.     Plaintiff's Symptom Statements**

Plaintiff contests the ALJ's evaluation of his symptom statements. ECF No. 16 at 12-13.

It is generally the province of the ALJ to make determinations regarding the credibility of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient:

rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff less than fully credible concerning the intensity, persistence, and limiting effects of his symptoms. Tr. 37, 39. The ALJ reasoned that Plaintiff was less than fully credible because (1) his testimony and allegations were inconsistent with objective medical evidence, (2) he made inconsistent statements regarding his abilities, and (3) his allegations were inconsistent with his reported activities of daily living. Tr. 39.

Plaintiff failed to challenge any of the ALJ's reasons with specificity. *See* ECF No. 16 at 12-13. Instead, Plaintiff asserted that his pain complaints should not have been rejected. *Id*. Because Plaintiff failed to challenge the ALJ's rationale, the Court will not consider the issue of credibility. *See Carmickle v. Comm'r, Soc. Sec.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). The Ninth Circuit explained the necessity for providing specific argument:

> The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. Particularly on appeal, we have held firm against considering arguments that are not briefed. But the term "brief" in the appellate context does not mean opaque nor is it an exercise in issue spotting. However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). We require contentions to be accompanied by reasons.

*Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).[1]

---

[1] Under the current version of the Federal Rules of Appellate Procedure, the appropriate citation would be to FED. R. APP. P. 28(a)(8)(A).

Moreover, the Ninth Circuit has repeatedly admonished that the court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994).

**B.     Residual Functional Capacity**

Plaintiff argues the ALJ erred in her formation of the residual functional capacity determination. ECF No. 16 at 13-15. Specially, Plaintiff asserts that the ALJ ignored limitations regarding his pain and his ability to stand and/or walk for extended periods, that the ALJ did not take Dr. Francis's full opinion into consideration, and that the ALJ failed to include all the limitations opined by Dr. Bailey. *Id.*

A claimant's residual functional capacity is "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. § 416.945(a). In formulating a residual functional capacity, the ALJ weighs medical and other source opinions and also considers the claimant's credibility and ability to perform daily activities. *See*, *e.g.*, *Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009).

**1.     Additional Limitations**

Plaintiff asserts the existence of additional limitations resulting from pain and additional limitations in his ability to stand and/or walk for extended periods. ECF No. 16 at 13-14. However, Plaintiff failed to state what these limitations were with any specificity or assert how the medical record supported their existence. As such, the Court is unable to consider whether or not undefined limitations are supported by substantial evidence.

**2.     Anthony Francis, M.D.**

Plaintiff asserts that Dr. Francis opined that if pain testimony regarding were accepted as credible, he would be limited to light work. ECF No. 16 at 14.

At the October 2, 2014 hearing, Dr. Francis was asked whether a medium or light residual functional capacity was more appropriate in this case. Tr. 65. He

responded with "Well just based on the pathology that's present and following Social Security rules a medium [residual functional capacity] would be appropriate. If there are other facts such as chronic pain or testimony, that type of thing that it could be reasonably be reduced down to a light [residual functional capacity] with the same limitations." *Id*. Dr. Francis was asked if the limitation to light work was "Assuming credibility?" to which he answered, "Yes." *Id*.

In his decision, the ALJ characterized Dr. Francis's opinion as limiting Plaintiff to "a medium to light work level, . . . ." Tr. 39. The ALJ then gave his opinion "significant weight." *Id*.

Here, Plaintiff's assertions that his pain testimony should be afforded significant weight were not sufficient to be addressed in detail by this Court. *See supra*. As such, the Court refused to disturb the ALJ's credibility determination. Seeing that Dr. Francis's limitation to light work required credible pain testimony as a precursor, the Court finds that the ALJ's reliance on Dr. Francis's medium to light work limitation is without error.

### 3. James Bailey, Ph.D.

Plaintiff asserts that the ALJ failed to include all the limitations opined by Dr. Bailey in the residual functional capacity. ECF No. 16 at 14-15.

On January 4, 2013, Dr. Bailey reviewed Plaintiff's file and completed a Mental Residual Functional Capacity Assessment (MRFCA). Tr. 135-137. As to Plaintiff's sustained concentration and persistence limitations, he gave Plaintiff a moderate[2] limitation in the abilities to maintain attention and concentration for extended periods, to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, to complete a normal workday and workweek without interruptions form psychologically based

---

[2] The term moderate is undefined throughout Dr. Bailey's opinion. Tr.135-137.

symptoms, and to perform at a consistent pace without an unreasonable number and length of rest periods. Tr. 136. In the narrative section of the form, he stated, "[w]hen sober, [claimant] is capable of at least [simple repetitive tasks and] likely some [complex detailed tasks, especially] those well learned. Sustained [concentration, persistence and pace and] attendance will vary [due to psychological symptoms] and subjective somatic complaints. Nonetheless [he is] capable of productive work [within] physical limitations." *Id*. As to Plaintiff's social interaction limitations, Dr. Bailey gave him a moderate limitation in the ability to interact appropriately with the general public. *Id*. In the narrative section, Dr. Bailey stated "[b]est [with] superficial social interactions in the workplace." Tr. 137. As to Plaintiff's adaptation limitations, Dr. Bailey gave him a moderate limitation in the ability to respond appropriately to changes in the work setting. *Id*. In the narrative section, Dr. Bailey stated "[c]apable of appropriate response to simple straightforward changes in the workplace. [Symptoms] may interfere [with] his ability to always respond appropr[iately] to changes he perceives as personally negative. Able to avoid [normal] hazards, travel, and coop[erate with] plans made by self [and] others." *Id*. The ALJ gave Dr. Bailey's opinion "significant weight." Tr. 38.

     Plaintiff argues that the ALJ failed to include the moderate limitations in the residual functional capacity determination. ECF No. 16 at 14. However, the Program Operations Manual System[3] (POMS) DI 24510.060 details Social

---

[3]The POMS does not impose judicially enforceable duties on the Court or the ALJ, but it may be "entitled to respect" under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), to the extent it provides a persuasive interpretation of an ambiguous regulation. *See Christensen v. Harris Cnty.*, 529 U.S. 576, 587-588, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000); *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1073 (9th Cir. 2010). Here, the issue is not determining the

Security's Operating Policy as to the MRFCA forms complete by psychological consultants and directs that the moderate limitations provided by Dr. Bailey do not constitute his opinion. While the provision speaks specifically to Form SSA-4734-F4-SUP, the Court finds that the premise of how a MRFCA provided by the agency is to be read can be extrapolated from this provision. Accordingly, the section of the form that includes mental function items with limitations ranging from "not significantly limited" to "markedly limited," "is merely a worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and does not constitute the [residual functional capacity] assessment." POMS DI 24510.060. Instead, the actual residual functional capacity assessment is recorded in the narrative provided on the form, explaining the conclusions indicated in the moderate limitations expressed above the narrative. *Id*. Therefore, the opined residual functional capacity assessment was not the moderate limitations given by Dr. Bailey, but the narrative sections.

Because the relevant opinion was contained in the narrative section, Dr. Bailey's opinion is adequately addressed in the ALJ's residual functional capacity determination.

**C.      Step Five**

Plaintiff argues that the ALJ erred in finding him capable of substantial gainful activity at step five. ECF No. 16 at 10. Plaintiff premised this argument on the assertion that the ALJ failed to include all his limitations in the residual

---

meaning of an ambiguous regulation, but instead understanding how to correctly read a form produced and distributed by the Social Security Administration to its medical consultants. Therefore, by relying on the POMS provision in this case, the Court is not allowing the provision to set a judicially enforceable duty on the ALJ, but only using it as a guide to define the parameters of a medical consultant's opinion on an agency supplied form.

functional capacity determination.  *Id*. at 15.  However, since this Court has found that there was no error in the ALJ's residual functional capacity determination, there is no resulting error in step five.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.  Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  **Judgment shall be entered for Defendant** and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED August 25, 2017.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE